UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    JOHNNIE D. PLAYER,                             Case No. 12-33331-dof
          Debtor.                                       Chapter 13 Proceeding
                                                             Hon. Daniel S. Opperman
_____/

## OPINION REGARDING APPLICATION FOR COMPENSATION

### Facts

The Debtor, Johnnie D. Player, has had a difficult life. In addition to numerous financial setbacks, the Debtor was involved in an accident in which he suffered physical, mental, and emotional injuries. The Debtor has appeared in Court on numerous occasions either by himself or with his attorney-in-fact, Anita Davis, in regard to his Chapter 13 case, which was filed at his request by Attorney John Streby. Mr. Streby has worked since 2012 to address the legal issues raised in the Debtor's bankruptcy and, on one hand, has had to obtain monies from a personal injury lawsuit filed in the Genesee County Circuit Court and, on the other hand, fend off claims for that money from various creditors and the Chapter 13 Trustee. As part of this process, Mr. Streby negotiated the resolution of an adversary proceeding challenging the discharge normally given to the Debtor and also the proper payment to the Chapter 13 Trustee. In late 2013, Mr. Streby believed he had all of the matters resolved such that he was entitled to apply for attorney fees and, to that end, filed an application with this Court seeking attorney fees in the amount of $8,663.00 and expenses of $281.00. The Chapter 13 Trustee objected to the payment of these fees, as did the Debtor, through Ms. Davis. After conducting a hearing on Mr. Streby's application on February 11, 2014,

1

the Court set this matter for an evidentiary hearing on March 24, 2014. On that date, Mr. Streby reached an agreement with the Chapter 13 Trustee to reduce his fees by 3 hours for a total reduction of $495.00. Ms. Davis, however, continued her objection to Mr. Streby's fees, and the Court heard statements from both Ms. Davis and Mr. Streby as to the appropriateness of his fees. The Court has received certain Exhibits from the parties, but uses the Debtor's Exhibits 4 and 5 as the primary basis for the description of the fees allowed in this case.

Mr. Streby's fee application contains 126 entries. For the sake of brevity, in the analysis portion of this opinion, the Court will refer to various entries in Mr. Streby's application by number, date, and hours, all as appeared in his Application and in the Debtor's Exhibit 4.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate.)

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200 (U.S. June 9, 2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Relevant Law

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in

2

relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

3

*Id*. at 338 (citations omitted).

Analysis

On March 24, 2014, Ms. Davis indicated on the record that there were a number of entries in which she did not have any objection. The Court carefully followed Ms. Davis' statements on March 24th and noted that the following entries fall into the indicated categories after reviewing Ms. Davis' statements and the Debtor's Exhibit 5.

| **Number** | **Date** | **Hours** | **Number** | **Date** | **Hours** |
|---|---|---|---|---|---|
| 3 | 08/09/12 | .5 | 69 | 08/30/12 | .3 |
| 5 | 08/14/12 | .1 | 71 | 09/03/12 | .3 |
| 6 | 08/15/12 | .2 | 75 | 09/11/12 | N/C |
| 8 | 08/15/12 | .2 | 76 | 09/19/12 | .2 |
| 9 | 08/15/12 | .4 | 77 | 09/21/12 | .7 |
| 13 | 08/22/12 | N/C | **Adversary Proceeding** | | |
| 17 | 10/02/12 | .4 | 81 | 11/12/12 | .4 |
| 31 | 10/16/12 | .6 | 98 | 01/29/12 | .2 |
| 32 | 10/17/12 | .4 | 101 | 02/26/13 | .2 |
| 33 | 10/18/12 | .3 | 105 | 04/15/13 | .2 |
| 34 | 10/22/12 | .8 | 107 | 07/25/13 | .2 |
| 36 | 11/11/12 | .2 | 110 | 08/05/13 | .2 |
| 37 | 12/05/12 | .1 | 114 | 09/04/13 | .2 |
| 42 | 09/18/13 | .7 | 117 | 09/06/13 | .2 |
| 55 | 12/04/13 | .1 | 121 | 09/12/13 | .2 |
| **Chapter 13 Plan** | | | **Fee Application** | | |
| 66 | 08/29/12 | .6 | 124 | 12/03/13 | .3 |
| 67 | 08/30/12 | .2 | | | |

Per the Court's calculation, these hours total 9.6 hours and are therefore not in issue.

The rest of the entries are, however, in issue.

The Court has reviewed all of the remaining entries and has determined that many of the entries for services rendered by Mr. Streby are appropriate. These entries include:

4

| Number | Date | Hours | Number | Date | Hours |
|---|---|---|---|---|---|
| 2 | 08/07/12 | .9 | **Chapter 13 Plan** | | |
| 4 | 08/09/12 | .2 | 64 | 08/26/12 | .1 |
| 11 | 08/17/12 | .5 | 65 | 08/19/12 | .5 |
| 12 | 08/20/12 | .1 | 68 | 08/30/12 | .6 |
| 14 | 09/27/12 | .1 | 70 | 08/30/12 | .4 |
| 15 | 09/28/12 | .2 | 72 | 09/06/12 | .1 |
| 19 | 10/03/12 | .6 | 73 | 09/06/12 | .7 |
| 20 | 10/08/12 | .5 | 74 | 09/11/12 | 1.1 |
| 21 | 10/08/12 | .6 | **Adversary Proceeding** | | |
| 25 | 10/09/12 | .2 | 83 | 12/04/12 | .3 |
| 35 | 11/07/12 | .3 | 84 | 12/06/12 | .8 |
| 38 | 12/05/12 | .2 | 85 | 12/06/12 | .1 |
| 39 | 12/11/12 | .3 | 86 | 12/07/12 | .9 |
| 40 | 12/11/12 | .5 | 87 | 12/07/12 | .5 |
| 41 | 02/05/13 | .2 | 88 | 12/11/12 | .4 |
| 43 | 11/25/13 | .1 | 89 | 12/12/12 | .2 |
| 44 | 11/26/13 | .1 | 90 | 01/07/13 | .2 |
| 45 | 11/27/13 | .5 | 91 | 01/09/13 | .2 |
| 46 | 11/27/13 | .5 | 93 | 01/22/13 | .1 |
| 47 | 11/27/13 | .1 | 94 | 01/24/13 | .1 |
| 48 | 11/27/13 | .2 | 95 | 01/29/13 | .5 |
| 49 | 11/27/13 | .1 | 100 | 02/04/13 | .2 |
| 51 | 12/02/13 | .4 | 102 | 03/13/13 | .1 |
| 52 | 12/03/13 | .3 | 103 | 03/14/13 | .2 |
| 54 | 12/04/13 | .1 | 108 | 07/25/13 | .1 |
| 57 | 12/05/13 | .3 | 109 | 08/01/13 | .8 |
| 59 | 12/10/13 | .3 | 112 | 08/29/13 | 1.2 |
| 61 | 12/10/13 | .7 | 113 | 09/04/13 | .4 |
| 62 | 12/11/13 | .3 | 115 | 09/05/13 | .2 |
| | | | 116 | 09/05/13 | .5 |
| | | | 122 | 09/17/13 | .2 |
| | | | **Fee Application** | | |
| | | | 123 | 11/24/13 | .5 |
| | | | 125 | 12/04/13 | .5 |
| | | | 126 | 12/05/13 | .3 |

In reaching this conclusion, the Court heard the comments of Ms. Davis and finds that she honestly feels many of these entries are not appropriate. Other entries are those in which Ms. Davis objects because she does not think that it would take a certain length of time for an attorney to prepare a document.

While the Court gives Ms. Davis credit for her views, in today's world, attorneys must

charge for the time they devote to a client's case. When attorneys are spending time on one client's case, they are by definition not able to spend time on another case in which they could possibly be paid. For example, while Ms. Davis may be correct that the making of a phone call and leaving a voicemail or receiving a voicemail might not take 6 minutes, the time devoted to the initiation and completion of that task is such that the attorney cannot quickly and easily move to another task for a client. As will be detailed in another section of this Opinion, the Court has, where appropriate, reduced hours where it seems that the amount of time expended was too long, but the Court as a general matter does allow and will allow an attorney to be paid for services of leaving and receiving voicemail.

Another issue raised by Ms. Davis involved the drafting of pleadings that were not filed with the Court. The unspoken inference from this objection is that Mr. Streby may have not prepared a document or completed a document. While possible, Mr. Streby has certified to the Court that he did provide this service and, in regard to the preparing of a motion and brief, appears to have been able to reach a resolution with a creditor without the need to file that motion or have an argument on that motion at a later date. This is a value for a client and should be compensated. Stated differently, if the Court were to require that attorneys file documents and then take the logical end conclusion of a document, such as having an oral argument, then courts would be inviting attorneys to spend even more time than is necessary so they could justify their fees at a later date. The Court sees no need to impose such a principle in this case.

There are entries, however, that the Court agrees with Ms. Davis and the Debtor. These entries include:

| Number | Date | Stated Hours | Allowed Hours | Number | Date | Stated Hours | Allowed Hours |
|--------|------|--------------|---------------|--------|------|--------------|---------------|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | 08/06/12 | .7 | .3 | **Chapter 13 Plan** | | | |
| 7 | 08/15/12 | .3 | .2 | 78 | 09/25/12 | .5 | .5 |
| 10 | 08/15/12 | .4 | .2 | 79 | 09/26/12 | .2 | .2 |
| 16 | 10/01/12 | 1.5 | .5 | 80 | 10/03/13 | 1.5 | 1.3 |
| 18 | 10/02/12 | .8 | .4 | **Adversary Proceeding** | | | |
| 22 | 10/08/12 | .3 | .0 | 82 | 12/04/12 | .6 | .0 |
| 23 | 10/08/12 | .5 | .1 | 92 | 01/09/13 | .2 | .0 |
| 24 | 10/08/12 | .3 | .3 | 96 | 01/29/13 | .9 | .0 |
| 26 | 10/09/12 | 1.2 | .6 | 97 | 01/29/13 | .9 | .1 |
| 27 | 10/10/12 | .3 | .2 | 99 | 01/29/13 | .5 | .0 |
| 28 | 10/10/12 | .8 | .2 | 104 | 04/10/13 | .2 | .1 |
| 29 | 10/10/12 | .2 | .1 | 106 | 07/08/13 | .4 | .2 |
| 30 | 10/12/12 | .3 | .0 | 111 | 08/14/13 | 1.0 | .5 |
| 50 | 12/02/13 | .5 | .0 | 118 | 09/06/13 | .5 | .0 |
| 53 | 12/03/13 | .5 | .0 | 119 | 09/12/13 | .5 | .2 |
| 56 | 12/04/13 | .5 | .0 | 120 | 09/12/13 | .4 | .2 |
| 58 | 12/09/13 | .2 | .0 | | | | |
| 63 | 12/12/13 | .5 | .3 | | | | |

These entries total 18.1 hours, and the Court reduces these hours by 11.4 hours, leaving 6.7 allowed hours. For these entries, the Court either sustains in part and overrules in part the objection of Ms. Davis and the Debtor or sustains the objection of Ms. Davis and the Debtor. A few entries merit special attention.

First, there are many entries in which Mr. Streby either amended pleadings or appears to have amended pleadings when the pleadings should have been correct in the first instance. While the Court understands that attorneys are sometimes given incomplete information or wrong information from their clients, in this case it appears that many of these pleadings could have been filed correctly. Likewise, many of the certificates filed with this Court should not require the full amount of time stated by Mr. Streby in his application. Moreover, the Court has not allowed attorney fees for various pleadings seeking to withdraw from this case for the reason that the Court concludes that in this instance the time spent to prepare these documents was excessive or Mr. Streby's desire to withdraw from this case is not under circumstances that would allow the Court to give him compensation for those services.

7

Additionally, some of the entries in which the Court has sustained the objections of Ms. Davis and the Debtor are excessive. In those cases, the Court has either reduced the number of hours allowed or eliminated the hours completely.

Finally, the Court has allowed all fees in regard to preparation of the fee application in this case. Under the circumstances of this case, the amount of time spent by Mr. Streby does not appear to be excessive and is appropriate under the circumstances.

Since the reductions made by the Court in this opinion exceed the amount agreed to be reduced by Mr. Streby with the Chapter 13 Trustee, the Court need not make that further reduction in the fee application. Mr. Streby requested fees for 50.8 hours of work. The Court finds that a reduction of 11.4 hours is appropriate, reducing the total hours allowed to 39.4 hours.

For these reasons, the Court concludes that Mr. Streby is entitled to attorney fees of $6,501 (39.4 hours x $165.00 per hour) and expenses of $281.00.

Mr. Streby is directed to prepare an order consistent with this opinion and the presentment of order rules of this Court.

cc: Anita Davis
    Johnnie Player

**Signed on July 02, 2014**

                                               **/s/ Daniel S. Opperman**
                                               **Daniel S. Opperman**
                                               **United States Bankruptcy Judge**